# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 4, 2003

## IN RE K.N.R., ET AL

### Appeal from the Juvenile Court for Robertson County
### No. D20072     Max D. Fagan, Judge

---

### No. M2003-01301-COA-R3-PT - Filed December 23, 2003

---

Father of two minor children appeals the termination of his parental rights by the Robertson County Juvenile Court. Father generally alleges that there was insufficient evidence to terminate his parental rights. In the Final Decree of Guardianship the trial court set forth the following conclusions of law, holding (1) that the father abandoned his children; (2) that he was substantially noncompliant with the permanency plan; and (3) that the conditions which led to the child's removal still persist, there is little likelihood that these conditions will be remedied, and the continuation of the parent and child relationship greatly diminishes the child's chances of early integration into a safe, stable and permanent home. The final order failed to set forth findings of fact as required by Tenn. Code Ann. § 36-1-113(k). As a result, we are unable to review the case. Therefore, we vacate the final order and remand the matter to the trial court for entry of an order that sets forth findings of fact and conclusions of law.

### Tenn. R. App. P. 3 Appeal as of right; Judgment of the Juvenile Court
### Reversed and Remanded

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, P.J., M.S., joined. WILLIAM B. CAIN, J., filed a concurring opinion.

Linda S. Fizer, Springfield, Tennessee, for the appellant, David Justin Rice and Rebekah Diane Pitt Rice.

Paul G. Summers, Attorney General and Reporter; and Juan G. Villasenor, Assistant Attorney General for the appellee, State of Tennessee, Department of Children's Services.

**OPINION**

Appellant, D.J.R.[1], father of two minors appeals the termination of his parental rights by the Robertson County Juvenile Court. The rights of the mother, R.D.P.R, were also terminated; however, she did not appeal the termination of her rights. As with all termination cases, the facts are convoluted, complex and hotly contested. Following some three years of proceedings and two occasions when the State took custody of both children, a trial was held following which the parental rights of both parents were terminated.

The only issue presented on appeal reads: "The trial court committed reversible error by terminating the rights of D.J.R."

Standard of Review in Termination Cases

Proceedings to terminate parental rights are statutory. Parties seeking to terminate a parent's rights with regard to his or her child must prove two things. They must prove the existence of at least one statutory ground for termination.[2] Tenn. Code Ann. § 36-1-113(c)(1); *In re D.L.B.*, 118 S.W.3d 360, 367 (Tenn. 2003); *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Additionally, they must prove that terminating the parent's rights is in the child's best interests. Tenn. Code Ann. § 36-1-113(c)(2); *In re A.W.*, 114 S.W.3d 541, 545 (Tenn. Ct. App. 2003); *In re M.W.A., Jr.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998). The factors to be considered in a "best interests" analysis are set forth in Tenn. Code Ann. § 36-1-113(i).

Persons seeking to terminate these rights must prove the elements of their case by clear and convincing evidence. Tenn. Code Ann. § 36-1-113(c); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002); *In re A.W.*, 114 S.W.3d at 545. Evidence that satisfies the clear and convincing evidence standard eliminates any serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *In re Valentine*, 79 S.W.3d at 546; *Walton v. Young*, 950 S.W.2d 956, 960 (Tenn. 1997); *In re C.D.B.*, 37 S.W.3d 925, 927 (Tenn. Ct. App. 2000). It produces in a fact-finder's mind a firm belief or conviction regarding the truth of the propositions sought to be established. *In re A.D.A.*, 84 S.W.3d 592, 596 (Tenn. Ct. App. 2002); *Ray v. Ray*, 83 S.W.3d 726, 733 (Tenn. Ct. App. 2001); *In re C.W.W.*, 37 S.W.3d 467, 474 (Tenn. Ct. App. 2000).

As a consequence of the clear and convincing burden of proof standard, this Court found it necessary to adapt Tenn. R. App. P. 13(d). *In Re Adoption of Muir*, No. 2002-02963-COA-R3-CV, 2003 WL 22794524, *2 (Tenn. Ct. App. Nov. 25, 2003) explained the adaptation in detail.

Because of the heightened burden of proof required by Tenn. Code Ann. § 36-1-113(c), we must adapt Tenn. R. App. P. 13(d)'s customary standard of review for

---

[1] Pursuant to the practice of the Middle Section of this Court, the names of the parents and children have been replaced with their respective initials.

[2] The statutory grounds for terminating parental rights are found in Tenn. Code Ann. § 36-1-113(g).

cases of this sort. First, we must review the trial court's specific findings of fact de novo in accordance with Tenn. R. App. P. 13(d). Thus, each of the trial court's specific factual findings will be presumed to be correct unless the evidence preponderates otherwise. Second, we must determine whether the facts, either as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the grounds for terminating the biological parent's parental rights. *Jones v. Garrett*, 92 S.W.3d at 838; *In re Valentine*, 79 S.W.3d at 546; *Ray v. Ray*, 83 S.W.3d at 733; *In re L.S.W.*, No. M2000-01935-COA-R3-JV, 2001 WL 1013079, at *5 (Tenn. Ct. App. Sept. 6, 2001), *perm. app. denied* (Tenn. Dec. 27, 2001).[3]

*In Re Adoption of Muir*, at *2 .

<u>Findings of Fact and Conclusions of Law in Termination Cases</u>

Over the past couple of years, this Court has presided over a number of important termination cases that present a myriad of procedural difficulties. A recurrent problem, which impedes this Court in proceeding with its appellate duties and unnecessarily delays the resolution of the rights of all concerned, pertains to the failure of trial courts (and counsel who prepare and present final orders to the trial judges) to follow the express wording of Tenn. Code Ann. § 36-1-113(k) which explicitly requires trial courts to "enter an order which makes specific findings of fact <u>and</u> conclusions of law" in termination cases. (emphasis added) This Court succinctly analyzed this mandatory step in a most recent case, *In Re Adoption of Muir*. The pertinent part of the opinion reads:

> A trial court's responsibility to make findings of fact and conclusions of law in termination cases differs materially from its responsibility in other civil cases. Generally, trial courts, sitting without juries, are not required to make findings of fact or conclusions of law unless requested in accordance with Tenn. R. Civ. P. 52.01. Termination cases, however, are another matter. Tenn. Code Ann. § 36-1-113(k) explicitly requires trial courts to "enter an order which makes specific findings of fact and conclusions of law" in termination cases. Thus, trial courts must prepare and file written findings of fact and conclusions of law with regard to every disposition of a petition to terminate parental rights, whether they have been requested or not.

> Tenn. Code Ann. § 36-1-113(k) reflects the Tennessee General Assembly's recognition of the necessity of individualized decisions in these cases. *In re Swanson*,

---

[3]These decisions draw a distinction between specific facts and the combined weight of these facts. Tenn. R. App. P. 13(d) requires us to defer to the trial court's specific findings of fact as long as they are supported by a preponderance of the evidence. However, we must then determine whether the combined weight of these facts provides clear and convincing evidence supporting the trial court's ultimate factual conclusion. The Tennessee Supreme Court used this approach in *In Re Valentine* when it recognized the difference between the conclusion that a biological parent had not complied substantially with her obligations in a permanency plan and the facts relied upon by the trial court in support of this conclusion. *In Re Valentine*, 79 S.W.3d at 548-49; *see also Jones v. Garrett*, 92 S.W.3d at 838.

-3-

2 S.W.3d 180, 188 (Tenn.1999) (holding that termination cases require "individualized decision making"). It also reflects the General Assembly's understanding that findings of fact and conclusions of law facilitate appellate review and promote the just and speedy resolution of appeals. *Bruce v. Bruce*, 801 S.W.2d 102, 104 (Tenn.Ct.App.1990). Because of Tenn. Code Ann. § 36-1-113(k), trial courts cannot follow the customary practice of making oral findings from the bench and later adopting them by reference in their final order.

When a trial court has not complied with Tenn. Code Ann. § 36-1-113(k), we cannot simply review the record de novo and determine for ourselves where the preponderance of the evidence lies as we would in other civil, non-jury cases. In accordance with *In re D.L.B.*, 118 S.W.3d at ---, 2003 WL 22383609, at *6, we must remand the case for the preparation of appropriate written findings of fact and conclusions of law. In this case, the trial court made no specific findings of fact to support its conclusion that Mr. Dalton had not willfully abandoned William Drew Muir. Therefore, we must vacate the December 2, 2002 order and remand the case to the trial court for preparation of the findings of fact and conclusions of law required by Tenn. Code Ann. § 36-1-113(k).

*In Re Adoption of Muir*, at *3.

The Juvenile Court entered a Final Decree of Guardianship and an Amended Final Decree of Guardianship, the content of which is critical to this court's review. Accordingly, the entirety of the later of the two final orders is restated below:

AMENDED FINAL DECREE OF GUARDIANSHIP

This cause came on to be heard on Wednesday, April 9, 2003, before the Honorable Max D. Fagan, Judge of the Juvenile Court of Robertson County, Tennessee at Springfield, upon the sworn Petition of the State of Tennessee, Department of Children's Services; with all parties properly before the Court, including the Defendant, R.D.P.R.[4], her counsel, Mark Walker, the Defendant, D.J.R., his counsel, Linda S. Fizer, the Guardian ad Litem, Lisa S. Richter, counsel for the Department of Children's Services, William C. Lebo, Jr., and representative of said agency, Claude Williams. Upon proof introduced at the hearing and the entire record, from all of which the Court finds, based upon clear and convincing evidence, as follows:

That the Petition filed by the State of Tennessee, Department of Children's Services, is well taken and should be sustained and relief granted thereunder for the

---

[4]Pursuant to the practice of the Middle Section of this Court, the names of the parents and children have been replaced with their respective initials throughout the Final Decree.

causes as therein stated in that the Defendants, R.D.P.R. and D.J.R., have abandoned the children, K.N.R. and H.A.R., pursuant to T.C.A. § 36-1-113(g)(3)(A) et.seq., in that said children have been removed from the custody of the Defendants, R.D.P.R. and D.J.R., for more than six (6) months, and that the conditions which led to the removal of said children or other conditions which in all reasonable probability would cause said children to be subjected to further abuse or neglect and which, therefore, prevent said children's safe return to the care of said Defendants, still persist; that there is little likelihood that these conditions will be remedied at an early date so that said children can be safely returned to said Defendants in the near future; and, that said children are of such an age that the continuation of the legal parent and child relationship greatly diminishes said children's chances of early integration into a stable and permanent home; and, that pursuant to T.C.A. §36-1-113(g)(2), the Defendants, R.D.P.R. and D.J.R., have failed to substantially comply with the Statement of Responsibilities as provided in the Permanency Plan entered into by said Defendants with the State of Tennessee, Department of Children's Services; and further, that following the removal of the children, K.N.R. and H.A.R., from the Defendants, R.D.P.R. and D.J.R., the State of Tennessee, Department of Children's Services, made reasonable efforts to assist the Defendants, R.D.P.R. and D.J.R., in establishing a suitable home for the children, K.N.R. and H.A.R., for a period of four (4) months, but the Defendants, R.D.P.R. and D.J.R., have made no reasonable efforts to provide a suitable home and have demonstrated a lack of concern for said children to such a degree that it appears unlikely that they will be able to provide a suitable home for said children at an early date.

The Court further finds that termination of the parental rights of the Defendants, R.D.P.R. and D.J.R., to the children, K.N.R. and H.A.R., is in the best interest of said children, who have spent the majority of their lives in custody. Moreover, while not alleged, the Defendants, R.D.P.R. and D.J.R., have further abandoned the children, K.N.R. and H.A.R., in that neither parent has made an effort to support said children while in custody.

This Decree shall have the effect of terminating all the rights and obligations of said Defendants to said children and of said children to said Defendants arising from the parental relationship, and said Defendants are not hereafter entitled to notice of any proceedings for the adoptions of said children by another nor have they any right to object to such adoptions or otherwise to participate in such proceedings.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

That pursuant to T.C.A. § 36-1-113(g)(1), the Defendants, R.D.P.R. and D.J.R., have willfully abandoned the children, K.N.R. and H.A.R., for more than four (4) consecutive months next preceding the filing of this Petition in that the Defendants, R.D.P.R. and D.J.R., have willfully failed to support or make reasonable [sic] toward the support of said children; and, that the Defendants, R.D.P.R. and

D.J.R., have abandoned the children, K.N.R. and H.A.R., pursuant to T.C.A. § 36-1-113(g)(3)(A) et.seq.; and that pursuant to T.C.A. § 36-1-113(g)(2), the Defendants, R.D.P.R. and D.J.R., have failed to substantially comply with the Statement of Responsibilities as provided in the Permanency Plan entered into by said Defendants with the State of Tennessee, Department of Children's Services; and further, that the State of Tennessee, Department of Children's Services, has made reasonable efforts to assist the Defendants, R.D.P.R. and D.J.R., in establishing a suitable home for the children, K.N.R. and H.A.R.. That all of said Defendants' parental rights to said children be and the same are hereby forever terminated and that the complete custody, control and guardianship of said children be and the same are hereby awarded to the State of Tennessee, Department of Children's Services, with the right to place said children for adoption and to consent to such adoptions *in loco parentis*.

Entered this the 1st day of March, 2003.

_____/s/_____
MAX D. FAGAN,
JUVENILE COURT JUDGE

APPROVED FOR ENTRY:

_____/s/_____
WILLIAM C. LEBO, JR. Attorney for
the State of Tennessee,
Department of Children's Services

See Technical Record, Volume II, pp. 193-197.

An examination of the final order reveals the repetitious restatement of conclusions of law and the repetitious recitations of the statutory grounds; however, there are no findings of fact in the final order, as required by to Tenn. Code Ann. § 36-1-113(k), for our review. It must be understood that a recitation in a final order that a parent has "abandoned the child" is a conclusion of law, not a finding of fact. Moreover, placing the statement (abandoned the child) following the popular phrase "the Court therefore finds" does not transform a conclusion of law into a finding of fact.

Since the Final Decree of Guardianship and the Amended Final Decree of Guardianship fail to set forth the findings of fact that underlie the conclusions of law, we are unable to proceed with our review for the reasons set forth in *In Re Adoption of Muir*. Accordingly, we vacate the Final Decree of Guardianship and the Amended Final Decree of Guardianship and remand the matter to the trial court to enter an order pursuant to Tenn. Code Ann. § 36-1-113(k) which recites specific findings of fact in addition to conclusions of law.

We tax costs to the Appellee, State of Tennessee Department of Children's Services, for it was the prevailing party at trial and its counsel prepared the final order; therefore, it had the opportunity to assure that the order contained the mandatory provisions.

_____
FRANK G. CLEMENT, JR., JUDGE