# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 8, 2004 Session

## IN RE:  P.M.

**Appeal from the Juvenile Court for Williamson County**
**No. 37304**

**No. M2004-00845-COA-R3-PT - Filed September 17, 2004**

Father appeals termination of his parental rights.  Father conceded and the juvenile court found that grounds exist for termination of Father's parental rights. The juvenile court also found that termination of Father's parental rights was in the child's best interest.  Father appeals the finding that termination was in the child's best interest.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court
### Affirmed and Remanded

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN, and PATRICIA J. COTTRELL, JJ., joined.

Dana Michelle Ausbrooks, Franklin, Tennessee, for the appellant, J.M., the father.

Paul G. Summers, Attorney General and Reporter; and Brent M. Hayes and Richard M. Murrell, Assistant Attorney Generals, for the appellee, State of Tennessee.

Robert H. Plummer, Jr., Franklin, Tennessee, Guardian Ad Litem.

### MEMORANDUM OPINION[1]

Father of a three year old child appeals termination of his parental rights arguing that the Department of Children's Services failed to prove that termination was in the best interest of the child.  Father conceded that grounds existed to terminate his parental rights; however, he contested termination of his rights arguing that termination was not in the child's best interest.

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Father stipulated that one ground existed and the juvenile court found that two grounds existed for the termination of Father's parental rights.[2] One, that the child was under the age of eight years and Father was confined in a correctional facility serving a sentence in excess of ten years. Tenn. Code Ann. § 36-1-113(g)(6). Two, that the conditions which led to the removal of the minor child still persist and that there is little likelihood that these conditions will be remedied in the near future. Tenn. Code Ann. § 36-1-113(g)(3)(A). The juvenile court also found that termination of Father's parental rights was in the child's best interest. Tenn. Code Ann. § 36-1-113(i). The juvenile court's best interest decision was based on the findings that Father was incarcerated when the child was one month old, that he had not fostered a meaningful relationship with the child prior to being incarcerated, that he would remain incarcerated until at least 2013 (until the child would be 12 years old), that Father does not have a home, cannot provide for the child and will not be able to make the necessary adjustment in his circumstances until the child is 12 years old, if then.

Termination proceedings in Tennessee are governed by statute. Parties seeking to terminate parental rights must prove two things. First, they must prove the existence of at least one of the statutory grounds for termination. Tenn. Code Ann. § 36-1- 113(c)(1); *In re D.L.B.*, 118 S.W.3d 360, 367 (Tenn. 2003); *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Second, they must prove that terminating the parent's parental rights is in the child's best interests. Tenn. Code Ann. § 36-1-113(c)(2); *In re A.W.*, 114 S.W.3d 541, 544 (Tenn. Ct. App. 2003); *In re C.W.W.*, 37 S.W.3d 467, 475-76 (Tenn. Ct. App. 2000).

To terminate a parent's parental rights Tenn. Code Ann. § 36-1-113(c) requires proving all the elements by clear and convincing evidence. This heightened burden of proof minimizes the risk of erroneous decisions. *In re C.W.W.*, 37 S.W.3d at 474; *In re M.W.A., Jr.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998). Evidence satisfying this standard eliminates serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002); *In re C.D.B.*, 37 S.W.3d 925, 927 (Tenn. Ct. App. 2000). It produces a firm belief or conviction regarding the truth of the facts sought to be established. *In re A.D.A.*, 84 S.W.3d 592, 596 (Tenn. Ct. App. 2002); *Ray v. Ray*, 83 S.W.3d at 733; *In re C.W.W.*, 37 S.W.3d at 474.

The decision to terminate parental rights may rest on any of the grounds alleged in the petition. It is unnecessary to prove all of the grounds alleged. *In re: C.W.W.*, 37 S.W.3d at 473-474. This court may affirm the trial court's judgment if the record contains clear and convincing evidence to support any one of the grounds. *Id.* at 473-474.

The only contact Father has had with the child since the child was one month old is the child has visited him in jail and prison approximately five times, they have spoken by phone approximately 60 times and Father has written 20 to 30 letters and cards. Because of Father's

---

[2]Father stipulated that he is incarcerated serving a sentence of more than ten years and that his child is under the age of eight. Father did not stipulate the second ground; yet, he does not appeal that finding. Father only appeals the best interest finding.

lengthy prison sentence, the two will not be able to foster a relationship and Father will not be able to provide for the child until the child is 12 years of age at the earliest.

The child has been in what appears to be a good family setting with foster parents since she was eleven months old.[3] The foster parents intend to adopt the child if and when Father's parental rights are terminated.[4]

The only issue is whether the record supports the juvenile court's finding that it is in the best interest of the child to terminate Father's parental rights. The record clearly and convincingly establishes that Father never had a relationship with the child prior to his incarceration and that Father is unable, due to his incarceration, to develop a relationship, to provide for the child and to change the circumstances that have persisted since removal. Moreover, there is no assurance that he will be able or willing to do so upon his release considering his significant criminal record.[5] Further, the record clearly and convincingly establishes that it is not in the child's best interest to hold her future in abeyance awaiting the uncertain release of Father from prison in ten or twelve years -- when the child will be 12 or 14 years old -- and to await the uncertainty of whether Father will be willing or able to provide for the child at that time. To the contrary, the record contains clear and convincing evidence that it is in the child's best interest to terminate Father's parental rights so that the child may be adopted by two loving and caring foster parents. We further find the evidence so compelling that a Memorandum Opinion pursuant to Tenn. R. App. P. 10 is sufficient for this court to affirm the termination of Father's parental rights.

We therefore affirm.

This matter is remanded to the juvenile court and costs are assessed against Father.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[3]The child had lived with her mother until she was eight months old at which time the child was found in the company of a suspected prostitute and her employer at a hotel. The suspected prostitute was "caring" for the child while the mother was in custody, having been arrested for prostitution.

[4]The mother's rights were previously terminated.

[5]Father has an extensive record of drug offenses including convictions for drug possession, drug sale and delivery and possession of illegal weapons. He is currently serving a sentence of 170 months for conspiracy to distribute in excess of 50 grams of cocaine base for which he will not be eligible for parol consideration until the child is twelve.